LAW LIBRARY

NO. 29301

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LLOYD JONES, Defendant-Appellant

JEAN R. KIKUMOTO
CLERK APPELLATE COURTS
STATE OF HAWAI'I
2010 AUG -5 AM 8:00
FILED

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 07-1-0034)

MEMORANDUM OPINION
(By: Nakamura, Chief Judge, Fujise, and Ginoza, JJ.)

Defendant-Appellant Lloyd Jones (Jones) appeals from the Judgment of Conviction and Probation Sentence (Judgment) filed on July 10, 2008, in the Circuit Court of the Fifth Circuit (circuit court).[1] Plaintiff-Appellee State of Hawai'i (State) charged Jones by complaint with one count of second degree assault, in violation of Hawaii Revised Statutes (HRS) § 702-711(1)(d) (Supp. 2009).[2] A jury found Jones guilty as charged. The circuit court sentenced Jones to five years of probation and ninety days of jail confinement, and it ordered him to pay restitution in the amount of $2,379.00.

On appeal, Jones argues that the circuit court erred by proceeding with the trial, even though Jones's trial counsel (defense counsel) stated that defense counsel was not prepared, because Jones himself stated that Jones did not want a

---

[1] The Honorable Randal G.B. Valenciano presided.

[2] HRS Section 707-711(1)(d) provides:

**§ 707-711 Assault in the second degree.** (1) A person commits the offense of assault in the second degree if:

. . .

(d)   The person intentionally or knowingly causes bodily injury to another person with a dangerous instrument[.]

continuance. Jones further argues that defense counsel was ineffective for failing to move for a continuance.

Jones also asserts that defense counsel provided ineffective assistance by: (1) failing to enforce Jones's rights under the speedy trial requirements of Hawaii Rules of Penal Procedure (HRPP) Rule 48 (2000); (2) failing to call witnesses at trial who Jones claims could have exculpated him; (3) calling a witness, Jones's wife, that was allegedly detrimental to Jones's defense; and (4) persuading Jones not to testify. Finally, Jones argues that the circuit court erred by: (1) failing on its own initiative to instruct the jury on the lesser included offense of third degree assault; and (2) failing to give Jones's proposed jury instruction on self-defense.

We affirm Jones's conviction.

I.   BACKGROUND

A.

Jones was charged with using a dangerous instrument, namely, an "axe and/or pipe," to knowingly cause bodily injury to the complaining witness, John Evans (Evans). The charge stemmed from a February 17, 2007, altercation between Jones and Evans that took place in the Kapaʻa area on Kauaʻi. The State contended that Jones aggressively attacked Evans because Evans urinated near Jones's van, and during this altercation, Jones hit Evans with a small ax (hatchet) or a pipe.

B.

On April 14, 2008, the parties appeared before the circuit court for jury trial. Defense counsel stated that he was not ready to proceed to trial, but that his client wanted to proceed to trial.[3/] Defense counsel stated the following reasons for his unpreparedness: (1) defense counsel had received from the

---

[3/]   The apparent reason that Jones wanted to proceed to trial was that he could not afford to take further time off from work and was under threat from his supervisor that he would be fired if he did not "clear this matter up[.]" Defense counsel stated, "because of [Jones's] job situation, [Jones] feels compelled to go to trial despite the fact that I have told [Jones] repeatedly that I do not feel ready to proceed."

State that morning thirty-five pages of transcribed interview statements of Jones, Evans, and a witness, Ray Balai (Balai), and needed time to "digest the statements and incorporate them into [his] case"; (2) an emergency room physician who treated both Evans and Jones for injuries after the altercation was unable to testify because he was on vacation; (3) defense counsel was unable to serve subpoenas on pertinent defense witnesses including Jones's wife and his step-son; (4) defense counsel wanted more time to consider issuing a subpoena for another doctor if the original emergency room physician was unavailable; and (5) defense counsel had not received pertinent medical records.[4] Defense counsel told the circuit court that he would normally move to continue or dismiss the matter, but "because of my client's job circumstance, . . . [Jones] feels compelled to proceed today. And despite the fact that I have repeatedly advised [Jones] that I am not ready because of the late discovery, [Jones] wants to go to trial today."

The following exchange then occurred:

> [Court]: [T]he problem in this case is that your client doesn't want you to make a motion to continue, and I think that's your concern. Is that correct?
>
> [Defense counsel]: That's correct, your Honor.
>
> [Court]: In spite of the fact that your client doesn't want you to make the motion to continue, would you still be willing to represent Mr. Jones in this case?
>
> [Defense counsel]: Yes, your Honor.
>
> [Court]: Mr. Jones, your attorney, [defense counsel], has given the Court a number of reasons for the making of a motion to continue. And the Court, taking those reasons into account, would consider, favorably consider, granting the oral motion made by [defense counsel], if it was made.

---

[4] The prosecutor represented that he had inherited the case from a number of different deputies and that Jones also had been represented by prior counsel. The prosecutor stated that his files indicated that discovery had previously been provided to Jones, but was not sure of the content of what was previously disclosed. The prosecutor did not dispute that Jones's current defense counsel had just received the transcribed interview statements that morning. Defense counsel noted that the date of transcription for the interview statements was in May and June of 2007, whereas the prosecutor stated his files indicated that the prior discovery had been provided in February 2007.

But because you are the client and you get to make decisions, to an extent, regarding how your case is managed and/or presented, it is the Court's understanding that you don't want your case continued in spite of all these reasons given by [defense counsel]; is that correct?

[Jones]: That's correct.

[Court]: And [defense counsel] did raise some employment issues that you may have regarding this proceeding. So it is the Court's understanding that [defense counsel] has discussed additional discovery that he just received regarding statements made by you, Mr. Balai and Mr. Evans that are in written form and for him to review that; that the emergency room doctor, Dr. Pakroy, is not available, apparently he is off island, either on vacation or just not available; that he hasn't been able to serve the subpoena on [Jones's wife] and/or your child; and that Dr. Evan Lee may or may not be available to testify in your trial and he doesn't have medical records.

So, in spite of all of that, do you want your case continued with the Court giving you a date later on to allow [defense counsel] to address these five issues? Or do you want your trial to proceed today?

[Jones]: I want my trial to proceed today.

[Court]: Okay. And do you understand [defense counsel] wants to make that motion to continue, but because he is not authorized, that he's not going to make that motion; and in spite of not making that motion, even though [defense counsel] believes that the motion should be made, he is still willing to be your attorney in this case? Do you understand that?

[Jones]: Yes.

[Court]: Do you have any objections with [defense counsel] continuing to be your attorney in spite of the fact that he has told the Court that he believes a motion to continue should be made on your behalf, but he is not going to do that because you are not authorizing it?

[Jones]: Right.

During a break in jury selection, an additional exchange occurred outside the hearing of the jury, in which the circuit court reiterated to Jones the circumstances surrounding Jones's request to proceed with the trial that day. Jones again confirmed that he wanted to proceed with the trial as scheduled.

C.

At trial, Evans testified that on February 18, 2007, he went with about a dozen of his family and friends to a canal by the Kapa'a library to go crabbing. Jones, along with his step-

son and wife, happened to also be in the same area with his van. Evans testified that he twice went to a corner of the canal area to urinate. Jones's step-son and wife testified that Evans urinated on or in the vicinity of Jones's van, which Evans denied.

Evans testified that Jones told Evans that Evans was "in his territory," to which Evans responded "Brah, you got a problem?" while walking away. Evans asserted that Jones then rushed Evans from behind, slammed Evans against a fence, and tried to gouge out Evans's eyes. During this struggle, Evans was struck in the back of his head and on his face with an object, but he did not know what the object was. Evans sustained a cut to his head, which required four staples to close, and cuts above his left eyebrow, to his right eyelid, and to his right cheek, which required stitches.

The State called two friends of Evans who were present at the scene of the altercation. One witness, Balai, testified that he initially saw Jones's wife, Tracey Jones (Tracey), swinging a hatchet in the area of the altercation between Jones and Evans. Balai then went to his truck and grabbed a broken shovel handle. Upon returning, he saw Jones with the hatchet and saw Jones hit Evans with the hatchet twice. Balai used the shovel handle to block Jones from hitting Evans a third time with the hatchet, and then Balai grabbed the hatchet. The other witness, Lawyer Dabney (Dabney), testified that he also saw Tracey swinging a hatchet. Dabney ran back to his vehicle to find something to stop Tracey from hitting Jones with the hatchet, and returned with a tree branch. When he returned, Balai was already holding the hatchet, and Dabney saw Jones holding a piece of metal rebar. A police officer who arrived at the scene testified that upon his arrival, he witnessed Jones holding a metal stake or rebar, and Balai holding a shovel handle.

Jones's step-son, Calvin Bosworth (Bosworth), testified that Evans was the first aggressor and that Balai was the one who

was wielding the hatchet during the altercation, not Jones. Bosworth also testified that he did not think the hatchet belonged to him, Tracey, or Jones. Tracey testified that Evans threatened to kill her several times, that she saw Balai hit Jones with a "club," and that she saw Evans hit Jones in the head with a liquor bottle. Tracey also testified that she did not hold the hatchet or "ax" until she saw it laying in the parking lot as she was looking for her phone. She assumed it was hers because her family used an ax to cut wood, and she put it back into her van. At the scene, Tracey told a police officer that "[t]he ax belongs to us. It is our ax[.]" Jones did not testify in his own defense.

## II.   STANDARDS OF REVIEW

### A.   Plain Error

The appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Sawyer, 88 Hawaiʻi 325, 330, 966 P.2d 637, 642 (1998). An appellate court's "power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system -- that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes." State v. Randles, 112 Hawaiʻi 192, 194, 145 P.3d 735, 737 (App. 2006) (quoting State v. Kelekolio, 74 Haw. 479, 515, 849 P.2d 58, 74-75 (1993)).

### B.   Ineffective Assistance of Counsel

When an ineffective assistance of counsel claim is raised, the question is: "When viewed as a whole, was the assistance provided to the defendant 'within the range of competence demanded of attorneys in criminal cases?'" Additionally, the defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.

6

State v. Janto, 92 Hawai'i 19, 31, 986 P.2d 306, 318 (1999) (citation omitted and internal block quote format changed).

### C.   Jury Instructions

When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading.

Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial.

Error is not to be viewed in isolation and considered purely in the abstract.  It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled.  In that context, the real question becomes whether there is a reasonable possibility that error may have contributed to conviction.

If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

State v. Gonsalves, 108 Hawai'i 289, 292-93, 119 P.3d 597, 600-01 (2005) (internal quotation marks, citations, and brackets omitted; internal block quote format changed).

### III.   DISCUSSION

### A.

After Jones was advised of defense counsel's desire for a continuance and the supporting reasons, Jones told the circuit court that "I want my trial to proceed today."  Nevertheless, on appeal, Jones now contends that his conviction must be overturned because the circuit court honored his request to proceed to trial.  Jones further argues that defense counsel provided ineffective assistance by failing to contravene Jones's wishes and request a continuance.  We conclude that these arguments lack merit.

### 1.

In conformance with Jones's wishes, defense counsel did not move to continue the trial.  Accordingly, there was no continuance motion for the circuit court to rule upon.  Jones's

7

argument that the circuit court erred boils down to a claim that the circuit court committed plain error in failing to *sua sponte* order a continuance.

It is difficult for a trial judge to know the extent to which an attorney is competent and prepared to proceed to trial. Therefore, the trial judge must rely on counsel to move for a continuance if circumstances arise which preclude counsel from competently representing his or her client. There may be extraordinary circumstances in which a court's failure to order a trial continuance *sua sponte* may rise to the level of plain error. However, Jones has not shown, based on the record in this case, that the circuit court committed plain error.

In support of his argument, Jones cites case law which states that a defendant has the exclusive right to decide whether to plead guilty, waive a jury, or testify in his or her own behalf. See, e.g., Wainwright v. Sykes, 433 U.S. 72, 93 n.1 (1977) (Burger, J., concurring) ("Only such basic decisions as whether to plead guilty, waive a jury, or testify in one's own behalf are ultimately for the accused to make."); United States v. Moody, 977 F.2d 1425, 1430 (11th Cir. 1992). However, a defendant's exclusive province to decide these three issues does not mean that a defendant's wishes in other areas are not significant or should not be considered by counsel or the trial court.

In State v. Richie, 88 Hawai'i 19, 960 P.2d 1227 (1998), the Hawai'i Supreme Court cited to the American Bar Association (ABA) Defense Function Standards in the context of addressing a defendant's ineffective assistance of counsel claim:

> The ABA Defense Function Standards provide useful guidance
> in determining which decisions must be made by the defendant
> and which decisions are the province of counsel:
>
> **Standard 4-5.2 Control and Direction of the Case.**
>
> (a) Certain decisions relating to the conduct of
> the case are ultimately for the accused and others are
> ultimately for defense counsel. The decisions which
> are to be made by the accused after full consultation
> with counsel include:

        (i) what pleas to enter;

        (ii) whether to accept a plea agreement;

        (iii) whether to waive a jury trial;

        (iv) whether to testify in his or her own behalf; and

        (v) whether to appeal.

        (b) <u>Strategic and tactical decisions should be made by defense counsel after consultation with the client where feasible and appropriate</u>. Such decisions include what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and what evidence should be introduced.

American Bar Association, Standards for Criminal Justice -- Prosecution Function and Defense Function, Standard 4-5.2 (3d ed.1993) . . . .

<u>Id.</u> at 39, 960 P.2d at 1247 (emphasis added). Thus, the ABA standards state that defense counsel should consult with the client where feasible and appropriate before making tactical decisions that are within the province of defense counsel. We also note that under the Hawaiʻi Rules of Professional Conduct (HRPC), a lawyer is required to consult with his or her client concerning the objectives of representation and the means by which these objectives are to be pursued. <u>See</u> HRPC Rule 1.2(a).[5]

        In this case, it was appropriate for defense counsel to consider Jones's strong desire to proceed to trial and the consequences that a continuance would have on Jones's interests. The circuit court specifically asked defense counsel whether he

---

[5] HRPC Rule 1.2 provides in relevant part:

**Rule 1.2. SCOPE OF REPRESENTATION.**

        (a) A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which the objectives are to be pursued. A lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, and whether the client will testify.

was willing to represent Jones in the case despite the matters defense counsel described as affecting his preparedness. Defense counsel said yes. Defense counsel did not state that he was incompetent to proceed or move to withdraw from the case.

The record indicates that defense counsel was already representing Jones at least as of February 25, 2008, when a hearing was held at which the State made an oral motion to continue the trial. At that hearing, the circuit court granted the State's oral motion. Trial was continued to April 14, 2008, and commenced on that date. Thus, prior to the eventual trial, it appears that defense counsel had been representing Jones for an adequate period of time to become familiar with the case. The record further shows that defense counsel received the interview statements in the morning, before jury selection. Opening statements were not given and the State's case did not begin until that afternoon, and defense counsel did not cross-examine Evans, the State's first witness, until the following day. Therefore, defense counsel had an opportunity to review the interview statements before opening statements and before having to cross-examine the State's first witness. Finally, during the trial, defense counsel did not state that matters had arisen which rendered him incompetent to represent Jones, nor did defense counsel ask for a continuance. Based on the existing record, we cannot say that the circuit court's failure to *sua sponte* continue the trial constituted plain error.

Our conclusion is supported by the principles underlying the invited error doctrine. Under that doctrine, "a defendant cannot by his own voluntary conduct invite error and then seek to profit thereby." Phillips v. State, 527 So. 2d 154, 156 (Ala. 1988); see also Jones v. State, 600 P.2d 247, 250 (Nev. 1979) (stating that where the defendant participated in the alleged error, the defendant was estopped from raising any objection on appeal); Adkins v. State, 930 So. 2d 524, 538-40 (Ala. Crim. App. 2001) ("When a competent defendant knowingly and voluntarily chooses a lawful course of action or defense

strategy, counsel is essentially bound by that decision. If the defendant is prejudiced in some respect by his own decision, he should not later be heard to complain about those consequences by challenging the conduct of his counsel." (Citation omitted.)).[6] The Hawaiʻi Supreme Court "has acknowledged that, as a general rule, invited errors are not reversible." State v. Nichols, 111 Hawaiʻi 327, 339 n.7, 141 P.3d 974, 986 n.7 (2006).[7] Even if an invited error does not preclude appellate review, the invited nature of the alleged error should factor into the plain error analysis.

Here, Jones himself, after being apprised of defense counsel's situation and desires, told the circuit court that he wanted to proceed to trial. The fact that Jones himself insisted on proceeding to trial reinforces our view that the circuit court's failure to *sua sponte* order a continuance on the day of trial did not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." See Sawyer, 88 Hawaiʻi at 330, 966 P.2d at 642. Vacating Jones's conviction because the circuit court failed to *sua sponte* order a continuance would not "serve the ends of justice," nor is it necessary to "prevent the denial of fundamental rights." Id.

## 2.

Jones also contends that defense counsel provided ineffective assistance by failing to request a continuance on the morning of trial to enable defense counsel to become better prepared for trial. We disagree. Based on the existing record, Jones has not met his burden of demonstrating his entitlement to relief on this ineffective assistance of counsel claim.

---

[6] In Phillips and Jones, the error was invited by the defendant's counsel while in Adkins, the error was invited by the defendant himself.

[7] The supreme court also noted in Nichols that "the general rule is inapplicable where an invited error is so prejudicial as to be plain error or to constitute ineffective assistance of counsel." Nichols, 111 Hawaiʻi at 339 n.7, 141 P.3d at 986 n.7.

Jones has not shown that competent counsel for a criminal defendant in the situation facing Jones's defense counsel would have moved for a continuance over Jones's objection or moved to withdraw from the case. Although defense counsel indicated that he wanted more time to prepare, lawyers often desire more time to prepare for trial. When questioned by the circuit court, defense counsel said he was willing to represent Jones in the case. Defense counsel did not say he was incompetent to represent Jones and did not move to withdraw. Jones has not demonstrated that defense counsel's level of preparedness was such that competent counsel for a criminal defendant, under the circumstances facing Jones's defense counsel, would have declined to proceed.

During trial, defense counsel did not revisit the need for a continuance or note instances where his ability to cross-examine witnesses or defend Jones was impaired. Jones does not point to portions of the trial transcript which indicate with any particularity that defense counsel's cross-examination of the State's witnesses was deficient. Nor does Jones demonstrate or explain how the absence of the emergency room physician or the delayed production of medical records[8] substantially impaired Jones's defense.[9] Thus, Jones has failed to meet his burden, based on the record before us, of showing that defense counsel's failure to move for a continuance to give defense counsel more time to prepare resulted in the withdrawal or substantial impairment of a meritorious defense.

---

[8] The record shows that during a morning break in jury selection, the State provided defense counsel with copies of the medical records defense counsel claimed he had not received.

[9] Jones called his wife and step-son as witnesses at trial. Accordingly, the concerns defense counsel raised about his inability to serve subpoenas on Jones's wife and step-son were resolved.

B.

Jones argues that defense counsel was ineffective for prejudicing Jones's rights under HRPP Rule 48.[10]  Jones contends that defense counsel rendered ineffective assistance by failing to move to dismiss the charge based on a violation of HRPP Rule 48.  Jones also contends that defense counsel was ineffective for (1) "possibl[y]" failing to object to the State's request for a continuance on February 25, 2008, and (2) failing to seek a continuance on the day of the eventual trial, because had defense counsel objected on February 25, 2008, or sought a continuance on the day of trial, the State would have been forced to dismiss the charge under HRPP Rule 48.  Jones has not supplied this court with a sufficient record to evaluate these claims, as it is his burden to do, and we therefore reject them.

Approximately 421 days elapsed between the time of Jones's arrest and the date of trial.  This appears in part attributable to the fact that Jones initially entered a no contest plea to a lesser charge, but later withdrew it.  Although Jones asserts that the HRPP Rule 48 time limits had been violated before his April 14, 2008, trial,[11] Jones fails to support this assertion with references to matters in the record, specifically,

---

[10]  HRPP Rule 48 in part provides:

. . . .

(b) **By Court.**  Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within six months:

(1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; . . . .

HRPP Rule 48 also sets forth numerous different categories of periods of time that "shall be excluded in computing the time for trial commencement." HRPP Rule 48(c); see also HRPP Rule 48(d).

[11] The State disputes Jones's contention that the HRPP Rule 48 time limits had been violated before the trial.

the transcripts of the hearings at which trial continuances were granted.

This court was presented with a similar situation in State v. Maddox, 116 Hawai'i 445, 173 P.3d 592 (App. 2007). In Maddox, the defendant argued on appeal that his trial counsel was ineffective for failing to file a motion to dismiss the indictment pursuant to HRPP Rule 48 because the trial was not commenced within the time period required by HRPP Rule 48. Id. at 463, 173 P.3d at 610. The defendant "did not include as part of the record on appeal transcripts of hearings held on the State's motions to continue the trial that were granted by the circuit court." Id. We concluded that the defendant "failed to meet his burden of demonstrating 'error by reference to matters in the record.' Without the missing transcripts, [the defendant] cannot show that HRPP Rule 48 had been violated and thus cannot meet his burden of demonstrating that his counsel was ineffective for failing to file a HRPP Rule 48 motion to dismiss." Id. (quoting State v. Hoang, 93 Hawai'i 333, 334, 3 P.3d 499, 500 (2000)). Accordingly, we rejected the defendant's claim that his counsel provided ineffective assistance in failing to file an HRPP Rule 48 motion to dismiss the indictment. Id.

Here, Jones has likewise failed to provide this court with transcripts of the hearings at which the trial continuances were granted. Without the relevant transcripts, we are unable to determine whether there were non-excludable delays that exceeded the time limit set forth under HRPP Rule 48. Because Jones did not satisfy his threshold burden of showing that HRPP Rule 48 was violated, Jones's claim that his defense counsel provided ineffective assistance by not moving to dismiss on HRPP Rule 48 grounds must fail.

Jones's failure to provide this court with the relevant transcripts is also fatal to his related claims that defense counsel's "possible failure" to object to the State's request for a continuance on February 25, 2008, and failure to seek a continuance on the day of trial constituted ineffective

14

assistance because such conduct prejudiced Jones's HRPP Rule 48 rights. Without the relevant transcripts, we are unable to assess whether an objection by defense counsel would have rendered the continuance granted on February 25, 2008, non-excludable or whether a request by defense counsel for a continuance on the day of trial would have led to an HRPP Rule 48 violation. In addition, these claims are unpersuasive because they are based on speculation. We do not know whether the circuit court would have granted the continuance on February 25, 2008, if defense counsel had objected. We also do not know how long a continuance the circuit court may have granted, if defense counsel had requested one on the day of trial, and thus we cannot say whether any continuance granted would have resulted in an HRPP Rule 48 violation. Accordingly, we reject Jones's ineffective assistance of counsel claims that are based on HRPP Rule 48.[12]

C.

We also reject Jones's claims that defense counsel was ineffective for: (1) neglecting to call exculpatory witnesses at trial; (2) calling as a witness Jones's wife, Tracey, who gave testimony detrimental to the defense, without defense counsel conducting an adequate prior investigation; and (3) persuading Jones to not testify. We conclude that Jones has not met his burden of establishing the ineffectiveness of defense counsel with respect to these claims based on the existing record.

Jones has not pointed to any reliable evidence in the record indicating to what the alleged exculpatory witnesses would have testified. See Richie, 88 Hawai'i at 39, 960 P.2d at 1247 ("Ineffective assistance of counsel claims based on the failure to obtain witnesses must be supported by affidavits or sworn

---

[12] In its answering brief, the State argues that implicit in Jones's ineffective assistance of counsel claim is the assumption that a dismissal under HRPP Rule 48 would have been with prejudice. In light of our analysis, we need not address whether Jones was required to show that any dismissal under HRPP Rule 48 would have been with prejudice.

statements describing the testimony of the proffered witnesses."); see also State v. Fukusaku, 85 Hawai'i 462, 481, 946 P.2d 32, 51 (1997) (concluding that a defendant's speculation about the potential testimony of uncalled witnesses is insufficient to support an ineffective assistance of counsel claim). Jones also has not demonstrated through evidence in the record that defense counsel provided ineffective assistance with respect to calling Tracey as a witness. Thus, his claims relating to the alleged exculpatory witnesses and Tracey are without merit.

Jones's claim that defense counsel was ineffective for "persuading" Jones not to testify at trial is equally without merit. The Hawai'i Supreme Court has stated that since "the decision whether or not to testify is a highly tactical one that is 'ultimately committed to a defendant's own discretion,' an attorney's recommendation as to whether or not a defendant should testify will rarely qualify as an error reflecting a 'lack of judgment.'" Jones v. State, 79 Hawai'i 330, 334, 902 P.2d 965, 969 (1995) (quoting Tachibana v. State, 79 Hawai'i 226, 232, 900 P.2d 1293, 1299 (1995)). The record indicates that Jones was given a Tachibana colloquy by the circuit court, and Jones does not challenge the adequacy of the circuit court's advisement. Thus, Jones carries a high burden in proving that defense counsel's advice on whether Jones should testify constitutes ineffective assistance.

Jones has not met that burden here. The record does not include an explanation by defense counsel of the advice he gave Jones on whether Jones should testify or the reasons for such advice. Jones has not demonstrated through evidence in the record that defense counsel provided ineffective assistance in advising Jones on whether to testify.

D.

With the exception of Jones's ineffective assistance of counsel claims based on HRPP Rule 48, we deny Jones's ineffective assistance of counsel claims without prejudice to Jones raising

16

such claims at an HRPP Rule 40 proceeding. As to the claims based on HRPP Rule 48, Jones had the opportunity based on the existing record to refer this court to matters that could possibly have supported his claims that defense counsel provided ineffective assistance, but Jones failed to do so. With respect to Jones's other claims of ineffective assistance, however, we conclude that Jones did not have a fair opportunity to develop the record to support his claims. We cannot say that with a more fully developed record, Jones would not be able to establish these claims. Accordingly, we deny without prejudice Jones's ineffective assistance of counsel claims that are not based on HRPP Rule 48. See State v. Silva, 75 Haw. 419, 439-40, 864 P.2d 583, 592-93, 593 (1993).

E.

Jones argues that the circuit court erred by: (1) allowing Jones to determine whether instructions on lesser included offenses should be given to the jury; and (2) failing to instruct the jury on lesser included offenses. We agree on both points. However, we conclude that the circuit court's ultimate error in failing to instruct the jury on lesser included offenses was harmless.

After the conclusion of the evidentiary portion of trial, the circuit court noted that evidence had been presented that could suggest that Jones committed the lesser included offense of third degree assault, a misdemeanor, or third degree assault during a mutual affray, a petty misdemeanor. The circuit court then proceeded to give Jones himself the option of whether the jury would be instructed on the lesser included offenses. After a colloquy between the circuit court and Jones, Jones stated that he only wanted the circuit court to instruct the jury on the charged offense, second degree assault, and not on any lesser included offenses. Accordingly, the circuit court did not instruct the jury on lesser included offenses.

The circuit court erred in allowing Jones to control the decision on whether the circuit court would instruct the jury

17

on lesser included offenses and in failing to instruct the jury on lesser included offenses.  In State v. Haanio, 94 Hawaiʻi 405, 413, 16 P.3d 246, 254 (2001), the Hawaiʻi Supreme Court held that "trial courts must instruct juries as to any included offenses when 'there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense . . . ."  It further held that "trial courts are duty bound to instruct juries 'sua sponte . . . regarding lesser included offenses,' having a rational basis in the evidence."  Id. at 415, 16 P.3d at 256 (citation and footnote omitted; ellipsis in original).

Haanio went on to hold, however, that while the trial court's failure to give appropriate included offense instructions constitutes error, "[s]uch error . . . is harmless when the jury convicts the defendant of the charged offense or of an included offense greater than the included offense erroneously omitted from the instructions."  Id. at 415, 16 P.3d at 256.  Here, the jury convicted Jones of the charged offense of second degree assault.  Thus, the circuit court's failure to instruct the jury on lesser included offenses was harmless error.  See id. at 415-16, 16 P.3d at 256-57.

F.

Jones's argument that the circuit court erred in failing to give his proposed jury instruction on self-defense is without merit.  Jones's proposed jury instruction on self-defense consisted of language taken from this court's decision in State v. Lubong, 77 Hawaiʻi 429, 433, 886 P.2d 766, 770 (App. 1994). Jones argues that his proposed instruction "more clearly" and in "layman's terms" identifies the factors the jury must consider in determining whether Jones's use of force was justified than the following language used by the circuit court in its self-defense instruction:

> The reasonableness of the defendant's belief that the
> use of such protective force was immediately necessary
> shall be determined from the viewpoint of a reasonable
> person in the defendant's position under the

> circumstances of which the defendant was aware or as
> the defendant reasonably believed them to be.

The Hawai'i Supreme Court has held that the above-quoted language from the circuit court's instruction is a correct statement of the law. State v. Augustin, 101 Hawai'i 127, 127-28, 63 P.3d 1097, 1097-98 (2002). Jones does not claim otherwise. We conclude that the circuit court did not err in failing to give the self-defense instruction proposed by Jones.

## IV. CONCLUSION

We affirm the circuit court's July 10, 2008, Judgment. With the exception of Jones's ineffective assistance of counsel claims based on HRPP Rule 48, our affirmance is without prejudice to Jones's raising his claims of ineffective assistance of counsel at a subsequent HRPP Rule 40 proceeding.

DATED: Honolulu, Hawai'i, August 5, 2010.

On the briefs:

Gregory H. Meyers
(Hempey & Meyers LLP)
for Defendant-Appellant

Lauren C. McDowell
(Justin F. Kollar, on the briefs)
Deputy Prosecuting Attorneys
County of Kauai
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

19